for appellee desired to offer anything further it should have been incorporated in the application for rehearing.

No good reason appears for any further consideration of this case. The application is, therefore, denied.

*Application denied.*

MILLER, P. J., HORNBECK and CONN, JJ., concur.

CONN, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.

BARTON, APPELLANT, *v.* KROHN, APPELLEE.

(No. 567—Decided December 2, 1955.)

*Mr. Francis M. Marley,* for appellant.
*Mr. Marcus C. Downing,* for appellee.

MIDDLETON, J. Plaintiff brought an action against the defendant to recover damages for injuries suffered by him as the result of an automobile collision.

At the close of the plaintiff's opening statement, on motion

of the defendant, the court directed a verdict in favor of defendant. It is from that order that appeal is prosecuted to this court on questions of law.

The opening statement of counsel for plaintiff, as it appears in the bill of exceptions, does not state where the accident happened, nor does it set forth any claim of negligence against the defendant.

However, the averments of the amended petition and the admissions contained in the answer definitely fix the place of collision in Hancock County. Admissions in the pleadings must be considered, together with the opening statement, in ruling upon a motion for judgment on the opening statement. Venue was, therefore, properly laid in Hancock County.

As hereinbefore stated, there is nothing in the opening statement which charges the defendant with negligence, nor are facts stated from which any reasonable inference of negligence can be drawn.

The motion for judgment admits the truth of all statements made by counsel in his opening statement. Admitting the truth of all such statements by counsel and all reasonable inferences which may be drawn therefrom, there are not facts sufficient to entitle plaintiff to judgment.

The Supreme Court, in the case of *Cornell* v. *Morrison,* 87 Ohio St., 215, 100 N. E., 817, held:

"2. Where it appears from the record that counsel for plaintiff, in the statement of the case to the jury, stated in detail all the evidence that plaintiff proposed to offer in support of the allegations in his petition, and where it further appears that after the sufficiency of his statement was challenged, he was given full and fair opportunity to explain and qualify his statement, and make such additions thereto as, in his opinion, the proofs at his command would establish, and with such explanation and qualification as counsel desire to make it is still apparent that the facts proposed to be proven would not sustain the essential averments of the petition and would not authorize a verdict and judgment for plaintiff, it is the duty of the trial court to sustain a motion to withdraw the case from the jury and enter a judgment dismissing plaintiff's petition and for costs."

The bill of exceptions in the case at bar does not disclose whether the plaintiff was afforded an opportunity to amplify or amend his opening statement. Where the record is silent on the subject it must be inferred that such opportunity to amend the opening statement was not given the plaintiff.

Because plaintiff was not given a full and fair opportunity to amend his statement, this court, upon the authority of the above case, holds that the court below erroneously sustained the motion of the defendant for judgment. Therefore, the judgment below is reversed.

*Judgment reversed.*

QUATMAN, P. J., and YOUNGER, J., concur.